UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMMY J. WINSTON<br><br>Plaintiff,<br><br>v.<br><br>CRISTIAN SAMPER,<br>Acting Secretary<br>Smithsonian Institution<br>1000 Jefferson Drive, S.W.<br>Washington, D.C. 20560<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S ORIGINAL COMPLAINT

Tommy J. Winston ("Plaintiff"), for his Complaint against the Smithsonian Institution (the "Agency" or "Defendant"), states as follows:

### I. The Parties

1. Plaintiff Tommy J. Winston is an African American male resident of Fort Washington, Maryland. At all times relevant to this action, Plaintiff was employed by the Agency as Facilities Management Specialist, National Air and Space Museum in Washington, DC.

2. Defendant Cristian Samper is the Acting Secretary of the Smithsonian Institution (the "Agency," "Smithsonian" or "SI"), and is named in this lawsuit in his official capacity as the highest official of the Agency. The Office of General Counsel for the Smithsonian is located at 1000 Jefferson Dr., SW, Room 32, Washington, DC.

1

## II. Jurisdiction and Venue

3. This court has jurisdiction of this matter pursuant to 42 U.S.C. § 2000e-16(c) and § 2000e-5, and 28 U.S.C. § 1343(a).

4. Venue is proper in this judicial district pursuant to 42 U.S.C. § 2000e-5(f)(3).

## III. Exhaustion of Administrative Remedies

5. Plaintiff contacted the EEO Counselor on April 27, 2006.

6. Plaintiff timely filed his formal complaint of discrimination based on race and color on June 26, 2006.

7. The Smithsonian issued its final agency decision (FAD) dismissing appellant's claims on August 1, 2006.

8. Plaintiff filed a timely appeal with the Office of Federal Operations of the U.S. Equal Employment Opportunity Commission on September 22, 2006.

9. The Commission affirmed the FAD on or about May 3, 2007.

10. The Certificate of Service certifies that the FAD was sent to Plaintiff on May 3, 2007.

11. The envelope was post marked May 4, 2007 and received by Plaintiff on May 7, 2007.

12. Plaintiff is filing suit within 90 days of receipt of the FAD.

13. All required administrative remedies have been exhausted.

## IV. Background Facts

14. Tommy Winston has been a valuable and well-regarded employee of the Smithsonian Institution for the last twelve years. During his tenure at SI, Mr. Winston has consistently been rated as "meets" or "exceeds expectation." He has never been

subject to discipline during his twelve years at the SI, nor has he faced any type of disciplinary action by any employer (including the military) in his entire career. Mr. Winston has worked extremely hard over the last eleven years to improve the Agency's operations and establish a successful career. He has developed a reputation for having an honest, straightforward, "roll up your sleeves" work ethic and a natural ability to energize and motivate those around him to get the job done and done well. His demeanor and interpersonal skills have garnered him praise from his superiors who have continually sought fit to increase Mr. Winston's responsibilities and oversight of SI maintenance related operations.

15. On January 19, 2006, Mr. Winston was informed by his supervisor, David Samec, that a colleague, Kendra Gastright, had accused him of threatening her with violence during a January 13, 2006 meeting.

16. As part of the Agency's investigation of the claim of threatened violence in the workplace, Mr. Samec ordered Mr. Winston to remove all of his belongings from his office in the East Mall Zone (EMZ) in Washington, DC and move to the American Indian Museum across the street. Mr. Winston was also told not to enter the National Air and Space Museum building, even as a tourist, or attend any meetings at which Kendra Gastright may be present.

17. On January 23, 2006, Samec issued a memorandum to Mr. Winston that reassigned him, effective January 24, 2006, to the Suitland Maryland Zone as Facility Management Specialist, GS-1640. This memorandum did not state that the reassignment was permanent, and it appeared to Mr. Winston that the reassignment was temporary pending the investigation into the violence in the workplace allegations.

18. Upon his reassignment to the Suitland Zone, Mr. Winston ceased performing any duties related to his position in the EMZ as Facility Maintenance Manager. Instead, he performed various functions of decreased responsibility, prestige and importance. He was assigned a 9 foot x 7 foot office and no longer had any supervisory duties or project coordination functions.

19. On or about February 7, 2006 Samec issued Mr. Winston a "Proposal to Suspend" for one day without pay for acting "inappropriately and unprofessionally" because he never agreed to comply with Ms. Gastright's request that he stop responding to her sarcastically and teasing her.

20. The February 7, 2006 memorandum did not mention allegations that Mr. Winston threatened Ms. Gastright with violence, nor did it discuss when or how Mr. Winston would be restored to his former position. There was no indication in the memorandum of Mr. Winston's EEO rights or how he should or could appeal this action through the EEO process. It only stated that he had the right to present a reply to the proposal to the deciding official, Nancy Bechtol, Director, Arts and Industries Building.

21. Mr. Winston appealed the proposed discipline to Ms. Bechtol, who, on April 3, 2006, reversed the decision to suspend him and instead imposed a "Confirmation of Counseling." Although Ms. Bechtol, in her Decision, acknowledged that Mr. Winston was never charged with violence in the workplace, she did not rescind his reassignment from the EMZ to Suitland.

22. The Smithsonian's treatment of Mr. Winston under these circumstances was inconsistent with the manner it treated his non-Black colleagues. Specifically, Ms. Gastright (Asian, female) was known to used profanities and to act disrespectfully to her

co-workers. By way of example, at a staff meeting, Ms. Gastright became extremely irate with a colleague and repeatedly used the "f" word and other profanities while leaning over the table in a threatening manner. Because everyone in the office made an agreement to deposit twenty-five cents in a jar every time one of them used a profanity, during this altercation, Ms. Gastright took out her wallet and started throwing money at the colleague. Upon information and belief, Ms. Gastright was only required to issue a written apology for her behavior. She was not transferred away from her duty station, nor did she suffer any changes in assignments, duties or responsibilities.

23. To date, Mr. Winston remains in the Suitland Zone with no indication that he will be restored to his former position.

## COUNT I
## DISCRIMINATION BASED ON RACE AND COLOR

24. Plaintiff adopts and incorporates by reference herein each and every preceding paragraph above.

25. The conduct described above including, stripping Plaintiff of his position in the EMZ, forcing him to transfer to a new position with a different series and promotion potential in the EMZ and disciplining him was motivated by Mr. Winston's race and color in violation of Title VIII of the Civil Rights Act of 1965, as amended 42 U.S.C. § 2000 *et seq*.

26. As a result of the discriminatory conduct described above, Mr. Winston has suffered considerable injury, both economically and emotionally.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter a declaratory judgment that Defendant's forced transfer and reassignment to the Suitland Zone constituted unlawful discrimination against Plaintiff on account of his race in violation of Title VII of the Civil Rights Act of 1964, as amended;

b. Issue a mandatory injunction directing the Defendant to restore Plaintiff to his position in the East Mall Zone or an equivalent position, at the appropriate step, series, and grade level;

c. Issue a prohibitory injunction to enjoin Defendant from further acts of discrimination and/or retaliation against Plaintiff;

d. Order the Defendant to make the Plaintiff whole by granting full back pay, front pay, and reimbursement for other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be proved at trial;

e. Order that the defendant pay plaintiff compensatory damages in an amount to be determined at trial;

f. Retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance;

g. Order the Defendant to pay Plaintiff's costs and expenses and reasonable attorneys' fees in connection with this action; and

    h.    Grant such other and further relief to the Plaintiff as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

        Respectfully Submitted,

_/s/ Sundeep Hora_

Sundeep Hora (D.C. Bar No. 472944)
ALDERMAN, DEVORSETZ & HORA PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
Tel. 202.969.8220
Fax 202.969.8224
E-mail: shora@a-dlaw.com

**COUNSEL FOR PLAINTIFF**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Tommy J. Winston

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Cristian Samper, Acting Secretary, Smithsonian Institution

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sundeep Hora
Alderman, Devorsetz & Hora PLLC
1025 Connecticut Ave., NW Ste. 615
Washington, DC 20036

### ATTORNEYS (IF KNOWN)

Smithsonian Institution
Office of the General Counsel
1000 Jefferson Drive, SW RM 32
Washington, DC 20560

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VIII of the Civil Rights Act of 1965, as amended 42 U.S.C. § 2000 et seq. Discrimination based on race and color.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 500,000    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 8/2/2007    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.