UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOMMY J. WINSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 07-1411 (RWR) |
| CRISTIAN SAMPER, | ) | |
| Acting Secretary, Smithsonian Institution, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY OR IN THE ALTERNATIVE FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S SUR-REPLY

After defendant filed a reply brief ("Def. Reply") in support of defendant's motion to dismiss or in the alternative for summary judgment, plaintiff filed a "Motion For Leave To File A Sur-Reply And a Rule 56(f) [Affidavit]" ("Sur-Reply Mot."). Plaintiff's motion for a sur-reply should be rejected.[1] Defendant's reply brief responded solely to issues raised in plaintiff's opposition brief ("Pl. Opp."), and did not raise any new issue meriting an additional brief. Plaintiff's alternative motion to stay consideration of defendant's motion pending discovery and for permission to file a Rule 56(f) affidavit outlining the proposed discovery also lacks merit. Defendant's motion tests the legal sufficiency of plaintiff's First Amended Complaint; there is no need for discovery. Plaintiff's motion, in reality, is an effort to have a second bite at issues plaintiff conceded by failing to oppose arguments raised in defendant's opening brief ("Def. Br."). The motions should be denied.

---

[1]Plaintiff also filed a proposed sur-reply brief and Rule 56(f) affidavit. In the event the Court grants plaintiff's motion, defendant is requesting leave to file an opposition to plaintiff's sur-reply brief. Defendant's Response to plaintiff's sur-reply and request for discovery is attached to this motion.

## ARGUMENT

### I.     THERE IS NO BASIS FOR FILING A SUR-REPLY

"A surreply may only be filed by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." United States v. Baroid Corp., 346 F.Supp.2d 138, 143 (D.D.C. 2004) (internal citation and quotations omitted).  The matters must "be truly new."  Id.   A sur-reply is not an opportunity merely to file an opposition to a reply memorandum.  Indeed, "allow[ing] such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." Garrison v. Northeast Georgia Medical Ctr., Inc., 66 F.Supp.2d 1336, 1340 (N.D. Ga. 1999).  Plaintiff contends there are three "new" matters in defendant's reply which require a sur-reply.   None of these matters warrants an additional brief.

1.     First, plaintiff appears to contend that a sur-reply is warranted because defendant, in a footnote in his reply, stated "this Court may convert" defendant's motion to dismiss into one for dismissal and in the alternative for summary judgment.  See Reply at 1 n.1; see Sur-Reply Mot. at 4.  It is hard to see how this statement could warrant a sur-reply.  Defendant was responding to *plaintiff's* assertion in his opposition that defendant's motion, although styled as a motion to dismiss, could be interpreted in part as a motion for summary judgment.  See Reply at 1 n.1 (citing Pl. Opp. at 3).  Defendant expressed his "accord" with plaintiff's position.  See Reply at 1 n.1.

Defendant's statement that "this Court may convert" defendant's motion raised no "new" issue warranting a sur-reply.  Indeed, plaintiff's opposition treated defendant's motion as one in part for summary judgment.  See Pl. Opp. at 3.  Plaintiff discussed and analyzed the summary

judgment standard; <u>see</u> <u>id.</u> at 16, 18-19; and submitted numerous materials outside the First Amended Complaint in support of his arguments. <u>See</u> <u>id.</u>, Exhibits A, C, D, E, H, & J. Defendant has not opposed the Court's consideration of these materials. <u>See</u> Reply at 1 n.1. Moreover, plaintiff was not "sandbagged" (Sur-Reply Mot. at 2) by the statement in defendant's reply concerning conversion to summary judgment. Other than the exhaustion issue discussed below, defendant's reply challenged the legal sufficiency of plaintiff's complaint and did not submit materials outside the pleadings. <u>See</u>, <u>e.g.</u>, Reply at 12 n.6; 14; 19 (all citing and discussing court's analysis of a motion to dismiss a Title VII complaint in <u>Rattigan v. Gonzales</u>, 503 F.Supp.2d 56 (D.D.C. 2007)). Defendant's statement that the Court may convert the motion was just reflecting the reality that plaintiff had treated defendant's motion as in part one for summary judgment and that plaintiff had submitted materials outside the pleadings in his opposition brief. Defendant did not unilaterally convert his previously filed motion into one for summary judgment by attaching factual statements to its reply or by raising new "summary judgment" issues.

We acknowledge that defendant's initial motion and brief should have been more clear about whether defendant was seeking dismissal or summary judgment with respect to each claim in the First Amended Complaint. We acknowledge further that, although defendant's motion sought dismissal, defendant's opening brief used "summary judgment" language in discussing certain claims in the complaint. The bottom line, however, is that the arguments in defendant's motion and briefs have challenged the legal sufficiency of plaintiff's complaint. Other than the issue of exhaustion, defendant has relied solely on the allegations in the complaint and the documents referred to and/or incorporated by reference into the complaint. <u>See</u> Def. Br. at 2 n.1

(explaining that in deciding a motion to dismiss, a court may consider documents attached as exhibits or incorporated by reference into the complaint).[2]  As explained below, the only materials defendant has submitted outside the pleadings were submitted in response to plaintiff's contention that he timely exhausted administrative remedies because defendant did not provide notice of the 45-day period for contacting an EEO counselor.  Defendant's statement that the Court may convert defendant's motion — styled a motion to dismiss — into a motion to dismiss or in the alternative for summary judgment thus raises no "new" issue warranting a sur-reply.[3]

2.     <u>Second</u>, plaintiff contends he should have an opportunity to file an additional brief on the waiver issue — <u>i.e.</u>, whether plaintiff waived any argument that he lacked notice of the 45-day period for consulting an EEO counselor with respect to his claim challenging his reassignment to Suitland (Count I).   Sur-Reply Mot. at 5-6.  In support, plaintiff argues that defendant's waiver argument is a "new argument[]" plaintiff "was unable to anticipate, and therefore could not address, in its [sic] Opposition."  <u>Id.</u>

---

[2] A court can convert a motion to dismiss into a motion for summary judgment so long as the parties have had a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  F.R.C.P. 12(b).  Again, defendant's motion tests the legal sufficiency of plaintiff's First Amended Complaint. Plaintiff had a reasonable opportunity to present all material pertinent to defendant's motion in his opposition brief.  As noted below in Part II, plaintiff failed to oppose certain arguments raised in defendant's opening brief.  But plaintiff had the *opportunity* to respond to those arguments; he simply chose not to do so.

[3] Plaintiff notes that defendant sought dismissal of plaintiff's claim challenging his reassignment (Count I)(Defendant denominated this as Count 1A because there are two separated claims listed under Plaintiff's Count1) under Rule 12(b)(1) for failure to exhaust even though defendant also discussed the exhaustion issue as not being jurisdictional. Courts are somewhat divided over whether the exhaustion issue is jurisdictional or not.  <u>Compare</u> <u>Aceto v. England</u>, 328 F.Supp.2d 1, 5 (D.D.C. 2004) (exhaustion not jurisdictional) <u>with</u> <u>Artis v. Greenspan</u>, 474 F.Supp.2d 16, 17 (D.D.C. 2007) ("the defendant properly raises the issue of exhaustion in a motion to dismiss pursuant to [Rule 12(b)(1)].").  Out of an abundance of caution, defendant brought its motion to dismiss under both rule 12(b)(1) and Rule 12(b)(6).

Defendant argued in his opening brief that plaintiff's claim challenging his reassignment to Suitland should be dismissed for failure to exhaust administrative remedies because plaintiff did not consult an EEO counselor within 45 days of his reassignment. See generally Def. Br. at 4-9. As part of that argument, defendant specifically addressed the arguments plaintiff raised at the administrative level in an effort to excuse his failure to timely consult an EEO counselor. See id. at 7-9. In his opposition, plaintiff, for the first time in this litigation (including prior administrative proceedings), argued that defendant failed to provide adequate notice of the 45-day period. See Pl. Opp. at 25-27. Defendant responded to this argument in part by explaining that plaintiff had waived the point by failing to raise it at the administrative level. See Reply at 6-8.

Defendant's opening brief did not address — and could not have been expected to address — the waiver argument because plaintiff had not previously argued or contended that he lacked notice of the 45-day period. See Def. Reply at 6-8.[4] Plaintiff did not argue this point at the administrative level (that, of course, is the basis for the waiver). Nor did plaintiff allege lack of notice in his First Amended Complaint. To the contrary, the First Amended Complaint merely states: "Plaintiff contacted the EEO Counselor on April 27, 2006. Plaintiff timely filed his formal complaint of discrimination based on race and color on June 26, 2006." First Amended Complaint, at ¶¶ 5, 6. To the extent the Complaint addresses exhaustion, it merely suggests (and wrongly so) that the date for calculating the 45-day period should begin on some date after

---

[4]Because this opposition deals with plaintiff's request for leave to file a sur-reply, defendant is not addressing the merits of plaintiff's position on waiver or any other substantive issue in this brief. In defendant's opposition to plaintiff's sur-reply, defendant addresses the merits of plaintiff's various arguments. It is defendant's position, however, that plaintiff's motion for a sur-reply should be denied and that the Court should not consider the extra briefs.

plaintiff's actual reassignment.   See id., at ¶ 24 (alleging that the reassignment memorandum did not state "that the reassignment was permanent").

     Plaintiff raised an issue for the first time in his opposition brief and defendant addressed the issue in his reply.  That is no basis for permitting a sur-reply; otherwise, sur-replies would be permitted in every briefing cycle.  Indeed, a party could lie in the weeds, save important issues for an opposition brief, and then routinely get the last word by filing a sur-reply after the moving party responds by reply.  There was nothing "new" in defendant's reply and certainly no effort to "sandbag[]" plaintiff.  See Sur-Reply Mot. at 2.  A sur-reply is neither fair nor warranted.

     3.     Third, plaintiff claims he should be permitted to re-brief the issue whether he had constructive notice of the 45-day period for consulting an EEO counselor.  See Sur-Reply Mot. at 6-7.  This argument is meritless for the reasons discussed in Point I.2, supra.  As noted above, in response to defendant's argument that plaintiff's reassignment claim should be dismissed for failure to contact an EEO counselor within 45 days, plaintiff argued for the first time that defendant failed to provide adequate notice of the 45-day period.  See Pl. Opp. at 25-27.  In support, plaintiff submitted a declaration stating that from January 2005 until May 2006 he "was never made aware of or notified of the 45-day time limit" and that "[t]here were never any posters, handbooks or other materials that were conspicuously displayed or disseminated to [him] that contained this information."  Pl. Opp, Ex. J.  Defendant responded in part by submitting declarations establishing that it made conscientious efforts reasonably geared to inform plaintiff constructively of the 45-day time limit.  See Reply at 8-10 & Exhibits 12-14.

     Again, defendant's opening brief could not have addressed the constructive notice issue. Plaintiff did not argue at the administrative level that he lacked constructive notice and he did not

raise the point in his complaint. It is perfectly appropriate to respond in a reply brief to an issue raised for the first time in an opposition. That is no occasion for a sur-reply. If a moving party could not so respond, then the movant, not the non-movant, would be "sandbagged." For these reasons, and those set forth above in Point I.2, no extra brief is warranted.

## II.    PLAINTIFF'S MOTION FOR A STAY AND FOR LEAVE TO CONDUCT FURTHER DISCOVERY UNDER RULE 56(F) SHOULD BE DENIED

Plaintiff also seeks to stay consideration of defendant's motion pending discovery and for permission to file a Rule 56(f) affidavit outlining the proposed discovery. Plaintiff offers no separate substantive argument in support of this request. See Sur-Reply Mot. at 7. Plaintiff's request lacks merit for all of the reasons identified in Part I.1 above. Defendant's motion, regardless of how it is styled, tests the legal sufficiency of plaintiff's First Amended Complaint. Plaintiff does not need (and should not be permitted to obtain) discovery from defendant in order to "allege facts that, if true, would establish the elements of" his claims. Rattigan, 503 F.Supp.2d at 71. There is nothing in defendant's reply which reasonably could trigger any entitlement to discovery on plaintiff's behalf. In other words, it is improbable that fact issues would develop in this case. All of the issues on which plaintiff claims he would seek discovery in his Rule 56(f) affidavit are issues that were raised in defendant's opening brief and/or in plaintiff's opposition brief. These issues can be decided on motion without any discovery. Even though plaintiff has stated that he needs to establish pretext, he has not asserted the basis of that pretext argument. In fact, he has failed to attack, in any way, defendant's legitimate business reasons for the action taken. Plaintiff needs to set forth more than just conjecture to establish the need for discovery under Rule 56(f). Otherwise, the process becomes nothing more than a fishing venture.

Indeed, it appears that plaintiff's effort to seek discovery is really an attempt to re-open briefing on issues plaintiff conceded by failing to oppose arguments raised in defendant's opening brief.  For example, with respect to plaintiff's claim that his seven-day suspension was retaliatory (Count II), plaintiff failed to respond to defendant's argument that defendant articulated a legitimate, non-retaliatory reason for the suspension.  See Reply at 12-13.  But plaintiff now seeks discovery on the issue "[w]hether Nancy Bechtol and Maurice Evans's proposal [sic] to suspend Plaintiff for seven days out of retaliatory animus."  See Rule 56(f) Affidavit of Sundeep Hora, Esq., ¶ 4(e).   And with respect to plaintiff's claim that his seven-day suspension was discriminatory,  plaintiff failed to respond to defendant's argument that defendant articulated a legitimate, non-discriminatory reason for the suspension.  See Reply at 12-13.   But again, plaintiff now seeks discovery on "[w]hether Defendant's articulated justification for suspending Plaintiff for seven days is a pretext for unlawful discrimination."  See id., ¶ 4(a).  This attempt to re-open briefing on closed issues should be rejected.  Plaintiff took a litigation gamble by failing to address defendant's arguments in his opposition brief.  Plaintiff's motion for a stay and for leave to file a Rule 56(f) affidavit should be denied.

## CONCLUSION

For all of the foregoing reasons, plaintiff's requests for leave to file a sur-reply and a Rule 56(f) affidavit and for a stay of consideration of defendant's motion should be denied.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR D.C. Bar # 498610
United States Attorney

-8-

/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-1334

*OF COUNSEL:*
CRAIG M. BLACKWELL
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMMY J. WINSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     Civil Action No. 07-1411 (RWR) |
| CRISTIAN SAMPER, | ) |
| Acting Secretary, Smithsonian Institution, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY AND REQUEST FOR DISCOVERY

_____To the extent that this Court grants plaintiff's request to file a Sur-Reply, Defendant

Cristian Samper, Acting Secretary of the Smithsonian Institution, by and through his undersigned

counsel, hereby submits his response to the Sur-reply in Opposition to Defendant's Motion to

Dismiss Or In The Alternative, Motion to Dismiss.  Defendant also responds herein to plaintiff's

request for discovery pursuant to Fed. R. Civ. P. 56 (f).

## I.     PLAINTIFF HAS WAIVED ANY ARGUMENT THAT HE LACKED CONSTRUCTIVE NOTICE OF THE 45-DAY PERIOD FOR CONTACTING AN EEO COUNSELOR.

Defendant established in his reply brief that plaintiff has waived (or failed to exhaust) any

argument that he lacked notice of the 45-day period in which employees must contact an EEO

counselor.  See Reply at 6-8.  Plaintiff waived this argument because neither he nor his counsel

raised it during prior administrative proceedings before the agency and the Equal Employment

Opportunity Commission's Office of Federal Operations ("OFO").  See id. at 6-7.  As defendant

explained (id.), administrative law requires that parties give agencies a "full and fair opportunity

to adjudicate their claims."  Woodford v. Ngo, 126 S.C.t 2378, 2385 (2006).  Moreover, the rule

of "issue exhaustion" — i.e., the rule that a party must present issues and arguments

administratively to preserve them for a subsequent federal court action — applies in adversarial

(as opposed to inquisitorial) administrative proceedings, such as appellate proceedings before

OFO.  See Reply at 7-8 (discussing Sims v. Apfel, 530 U.S. 103 (2000)).

Plaintiff does not discuss Sims or dispute that the rule of "issue exhaustion" applies in

adversarial administrative proceedings.  See Sur-Reply at 2-5.  Nor does plaintiff dispute that

appellate proceedings before the OFO are, in fact, adversarial.[1]  See id.  Rather, plaintiff argues,

first, that he "implict[ly]" raised that argument that he lacked notice of the 45-day period before

OFO.  See id. at 2-3.  Second, plaintiff argues that issue exhaustion does not apply in the Title

VII context because Title VII plaintiffs have "a right to a trial de novo."  Id. at 3-5.  Both

arguments lack merit.

Plaintiff argues only in passing that he raised the notice issue before OFO.  As plaintiff

notes (Sur-Reply at 2), he did argue in his OFO brief that "Mr. Winston was purposefully kept

unaware about the allegations that were made against him to warrant his reassignment and lack

of duties."  See Complainant's Brief in Support of Appeal at 17 (Exhibit 10 to defendant's reply

brief).  According to plaintiff, this statement contained an "implicit" contention that "the Agency

---

[1]Plaintiff is right to concede these points.  For example, as the briefs Mr. Winston filed in the OFO proceeding demonstrate, see Exhibits 10 & 11 to defendant's reply brief, parties appear before the OFO as adversaries and are charged with presenting their respective positions and arguments.  See, e.g., 29 C.F.R. § 1614.403 (providing for submission of appellate briefs and complaint file record); id. § 1614.404 (providing for supplementation of record at the request of OFO and for sanctions against parties who fail without good cause to comply with OFO requests for information, including drawing an adverse inference).  The parties to the appeal, rather than OFO, develop the record and issues.  Indeed, OFO routinely prevents claimants from raising new claims or allegations for the first time on appeal.  See, e.g., Tolliver v. Potter, Appeal No. 01A60356, 2006 EEOPUB LEXIS 1768, at *4 (E.E.O.C. Apr. 25, 2006) ("[T]he regulations do not permit a complainant to raise a new claim on appeal.").

failed to inform him of the 45-day limitation." Sur-Reply at 2. But plaintiff is mixing two separate issues: whether the agency allegedly kept plaintiff unaware of the *allegations* against him and whether the agency allegedly kept plaintiff unaware of the *time period* for contacting an EEO counselor. There is nothing in plaintiff's statement to OFO that reasonably could have alerted OFO that plaintiff was alleging lack of notice. It is no surprise, therefore, that OFO did not address the notice issue in its opinion concluding that plaintiff failed to timely contact an EEO counselor (and plaintiff did not seek reconsideration of this decision). See Decision (May 3, 2007) (Exhibit 7 to defendant's opening brief). An argument cannot be merely intimated or hinted at to be raised; it must be "pressed" to be preserved. See KPMG, LLP v. SEC, 289 F.3d 109, 120-21 (D.C. Cir. 2002).

Plaintiff argues at greater length that issue exhaustion does not apply in the Title VII context because Title VII plaintiffs are "entitle[d] to *de novo* consideration in District Court under Title VII[.]" Sur-Reply at 3. But this argument is equally without merit. It is true that a federal employee challenging the final disposition of his administrative complaint is entitled to de novo review in a civil action in federal court. See Scott v. Johanns, 409 F.3d 466, 469 (D.C. Cir. 2005). The findings and legal conclusions of the agency are not binding on the federal court, which considers the discrimination claim anew. See id. But that does not answer the question whether a federal employee must raise and exhaust an issue administratively in order to preserve the issue for federal court review.

Indeed, plaintiff acknowledges, as he must, that Title VII requires exhaustion of claims. See Sur-Reply at 3. Thus, if a federal employee fails to contact an EEO counselor within 45 days of the alleged discriminatory action, the employee is not entitled to de novo review (or any

3

review at all) of that claim in federal court.  See, e.g., Raines v. United States Dep't of Justice, 424 F.Supp.2d 60, 66 (D.D.C. 2006).  There are many other ways in which an employee can fail to exhaust a claim and thus fail to preserve it for judicial review.  See, e.g., Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995) ("A Title VII lawsuit following the EEOC charge is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'") (internal citation omitted); Price v. Greenspan, 374 F.Supp.2d 177, 184 (D.D.C. 2005) (dismissing claim for failure to file within 90 days of receiving final agency determination); Edwards v. Department of the Army, 708 F.2d 1344, 1347 (8th Cir. 1983) (dismissing claim for failure to exhaust because plaintiff failed to "mak[e] a concrete allegation" at the administrative level).

Thus, a plaintiff's "entitle[ment] to de novo consideration in District Court" (Sur-Reply at 3) is limited to matters the complainant presents and exhausts administratively.  As one court has explained in the context of an EEO complainant who "failed to provide the EEO officer with the information she needed to take any meaningful action on his complaint":

> The administrative complaint procedures must be complied with.  If they are, and an adverse decision is rendered on the merits of a complaint, then a complainant is entitled to a de novo hearing in federal court.  However, if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either.

Edwards, 708 F.2d at 1347.

Indeed, a core purpose of the exhaustion requirement is to enable an agency to "develop a record and have the opportunity to exercise its discretion, to apply its expertise, and, possibly, to discover and correct its own errors."  Edwards, 708 F.2d at 1347.  With respect to the issue of notice, EEOC regulations specifically provide that "[t]he agency or the Commission shall extend

4

the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she

was not notified of the time limits and was not otherwise aware of them." 29 C.F.R.

§ 1614.105(a)(2).  By failing to present the notice issue administratively, plaintiff never gave the

agency or OFO the opportunity to "reach the merits" (Edwards, 708 F.2d at 1347) of this issue.

The facts plaintiff has presented in this Court to "show that he . . . was not notified of the time

limits" (29 C.F.R. § 1614.105(a)(2)) should have been presented to "[t]he agency or the

Commission" (id.) in the first instance.

     Defendant has established — and plaintiff has not contested — that appellate proceedings

before OFO are adversarial administrative proceedings.  The doctrine of issue exhaustion

therefore should apply.  See Ballanger v. Johanns, 495 F.3d 866, 868-870 (8th Cir. 2007) (in

applying issue exhaustion to an adversarial administrative proceeding before U.S.D.A. involving

a benefits determination, noting that "the Court in Sims indicated that issue exhaustion is not, in

general, disfavored, and courts should not be overly eager to characterize proceedings as non-

adversarial.").  Plaintiff's notice argument is not properly before the Court because plaintiff

failed to raise that issue during the administrative process.

**II.**     **PLAINTIFF HAS NOT SATISFIED THE REQUIREMENTS FOR
EQUITABLE TOLLING BECAUSE THE AGENCY PROVIDED NOTICE
OF THE 45-DAY REQUIREMENT.**

     Plaintiff has attached the declaration of Mr. Edward Tyson to his Sur-reply.  Mr. Tyson

claims that "during the time period January 2005 to January 2006, almost each and every day,

[he] walked through the same glass entrance doors to [Smithsonian's Office of Facilities

management and Reliability (OFMR) and past the bulletin board. . . . During this time, [he] never

saw the EEO poster that Ms. Tyson discussed in her Declaration, displayed on the bulletin board

or anywhere else in the vicinity or even in OFMR." <u>See</u> Edward Tyson Declaration, ¶ 3.

Plaintiff, represents that, " From January 2005 to May 2006, he was never made aware of or

notified of the 45-day time limit within which to contact an EEO counselor. . . .There were never

any posters, handbooks or other materials that were conspicuously displayed or disseminated to

me that contained this information."  Pl's Aff. ¶ 3.

     The applicable regulation states that the 45-day time limit may be extended only if the

plaintiff shows (1) his employer did not notify him of the time limit, **and** (2) he was not

otherwise aware of the time limit. <u>See</u> 29 C.F.R. § 1614.105(a)(2).  There is no basis for

extending the 45-day limit based on Plaintiff's convenient contention that he never knew about it

until more than 90 days after the effective date of his reassignment to Suitland. <u>See</u> Compl., ¶ 5;

Ex. 4.  Plaintiff, while represented by counsel, failed to initiate contact with an EEO counselor

until April 27, 2006, and did not file a formal discrimination complaint until June 26, 2006.  The

fact remains that plaintiff was reassigned to the Suitland Maryland Zone as a Facility

Management Specialist, effective January 24, 2006. <u>See</u> Compl., ¶ 24; <u>see also</u> Exhibit

("Ex.") 1.  Plaintiff  acknowledged receipt of the reassignment memorandum on January 23,

writing at the bottom:  "I do not concur.  *I feel my right[s] have been violated.*" <u>See</u> Ex. 1.

     The facts further evidence that the Smithsonian had taken sufficient steps to notify the

plaintiff of the 45-day time limit to contact an EEO counselor.  Defendant posted an EEO poster

on a bulletin board in a common area through which employees in plaintiff's unit had to pass in

order to enter the office space and their individual offices. <u>See</u> Declaration of Charlene Tyson, ¶

3 (attached as Exhibit 12).  The EEO poster informed employees of their right to file EEO

complaints and their obligation to contact an EEO counselor within the 45-day time period. <u>See</u>

id. ¶ 5 (also attaching reduced-size copy of the poster).  An EEO notice was also posted on the

Smithsonian's intranet site.  See Declaration of Mignon Erixon-Stanford, ¶¶ 3-5 ("Erixon-

Stanford Dec.")

     In Harris v. Attorney General of the United States, 400 F. Supp. 2d 24 (D.D.C. 2005), the

plaintiff claimed that the 45-day time limit should be extended because she had no knowledge of

the requirement.  See Harris, 400 F. Supp. 2d at 25.  The Court rejected this argument and

dismissed the plaintiff's Title VII claim.  See id.  The Court first explained that the plaintiff

"bears the burden of pleading and proving equitable reasons for noncompliance."  Id. at 27

(citing Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992)); see also Jarmon v.

Powell, 208 F. Supp. 2d 21, 26 (D.D.C. 2002) (Bates, J.) (finding that the plaintiff had not met

his burden to establish equitable tolling).  Harris also stated that the D.C. Circuit has

"consistently held that equitable tolling should only be granted in 'extraordinary and carefully

circumscribed circumstances.'"  Harris, 400 F. Supp. 2d at 27 (citing Washington v. Washington

Metropolitan Area Transit Authority, 160 F.3d 750, 753 (D.C. Cir. 1998), cert. denied, 527 U.S.

1038 (1999); Smith-Haynie v. District of Columbia, 155 F.3d 575, 579-80 (D.C. Cir. 1998)); see

also Jarmon, 208 F. Supp. 2d at 26.

     The proper test according to Harris is whether the notice provided was "reasonably

geared" to inform the complainant of the relevant time limit.  Harris, 400 F. Supp. 2d at 27

(internal citations omitted); see also Aceto v. England, 328 F. Supp. 2d 1, 6 (D.D.C. 2004)

(stating that the test is not whether an employee was subjectively aware of the time limit, but

rather "whether information is available that is reasonably geared to inform the complainant of

the relevant time limit").  The court in O'Neal v. England, No. Civ. A. 02-0172 (RWR), 2003

7

WL 21788956, at *2 (D.D.C. July 17, 2003), aff'd on other grounds, No. 03-5261, 2004 WL

758965 (D.C. Cir. Apr. 7, 2004), stated that "[I]f the information is available to the employee, he

will not be heard to claim unawareness as an excuse for missing the deadline."

In O'Neal, the court rejected the plaintiff's claim that he was subjectively unaware of the

45-day time limit. See O'Neal, 2003 WL 21788956, at *2. The court found it sufficient that the

employer's declarations established that informational posters, which accurately described the

45-day time limit, were placed in common areas accessible to the plaintiff. See Harris, 400 F.

Supp. 2d at 28. "Therefore, relevant information reasonably geared to inform plaintiff of the

regulation was made available to her." Id. In Aceto, the court held that equitable tolling did not

apply because the defendant presented evidence of posters displayed on the bulletin boards that

stated on their face the 45-day time requirement and that plaintiff attended a training session in

which the employer explained the EEO process and time limit for asserting a claim. See Aceto,

328 F. Supp. 2d at 6.

Here, although the plaintiff claims ignorance and Mr. Tyson states that he did not see the

posters, no-one has stated that the posters were not there. Charlene Tyson's statements are

uncontroverted. Moreover, plaintiff had access to the EEO information on the intranet.

Accordingly, Plaintiff's alleged ignorance of the information provided in the posters and intranet

is not sufficient to meet his burden to establish equitable tolling. See O'Neal, 2003 WL

21788956, at *2.

Plaintiff's attempt to distinguish Foster v. Gonzales, 516 F. Supp. 2d 17 (D.D.C. 2007) is

unconvincing. Plf's Opp., at 6. Foster, clearly held that "testimony to the effect that [a plaintiff]

did not see the EEO notices is not by itself sufficient to establish that the notices were not, in

fact, posted," Id., at 23-24, citing, Clark v. Runyon, 116 F.3d 275, 277 (7th Cir. 1997).  Foster, like plaintiff, averred that he did not see any EEO materials posted.  Id., at 24.  The Court held that this was insufficient a reason to preclude summary judgment for the defendant on the constructive notice claim.

In addition, Plaintiff cites Schmidt v. Mercy Hosp., of Pittsburgh, no. 05-1446, 2007 WL 2683826, at *3-4 (W.D. Pa. Sept. 7, 2007), for the proposition that the posting of the EEO time requirements on the Smithsonian intranet is insufficient as a matter of law.  However, this reference was clearly made with respect to the Family Medical Leave Act, 29 U.S.C. § 2614, *et seq.*, (FMLA).  The Schmidt case does not involve Title VII.  The Court held that the Department of Labor regulations "required employers to provide employees with 'individualized' notice of their FMLA rights and obligations."  Id., at *11.  There is no such requirement under Title VII.  Schmidt, is therefore inapplicable to the instant case.  An intranet posting can provide constructive notice.  See Jarmin v. Powell, 208 F. Supp. 2d 21, 25, n. 5 (D.D.C. 2002).

### III.    PLAINTIFF'S REQUEST FOR FURTHER DISCOVERY PURSUANT TO RULE 56(f) SHOULD BE DENIED.

Plaintiff has failed to justify his request for discovery under Rule 56(f) because his counsel's affidavit fails to specifically identify what undisclosed facts are essential to his opposition, show a plausible expectation that the discovery would elicit specific facts, or show that the facts would change the decision on the motion for summary judgment.[2]

Under Rule 56, the court grants summary judgment if the adverse party fails to identify

---

[2]  The majority of Mr. Hora's affidavit pertains to the issue regarding the plaintiff's reassignment.  However, that issue may be decided on motion and he has already submitted an affidavit from plaintiff and Mr. Edward Tyson on the exhaustion issue.  The remainder pertains to plaintiff's other Title VII claims.

specific facts that establish an issue that requires a trial to resolve. However, if specific, essential facts exist but the adverse party is, at that time, unable to submit them, the adverse party may request discovery to obtain those essential facts. Fed. R. Civ. P. 56(f). Nevertheless, the purpose of the Rule 56 process is to "pierce the pleadings" to see if there is a genuine issue for trial. (Rule 56 Advisory committee notes, 1963 Amendment.)

Courts have consistently treated the Rule 56(f) affidavit as more than a mere pro forma request for discovery. The adverse party must "concretely" show the "specific reasons" why the requested discovery is necessary and useful. Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989); see also Resolution Trust Corp. v. North Bridge Assoc., 22 F.3d 1198, 1203 (1st Cir. 1994) (a Rule 56(f) affidavit must make a sufficient proffer that sets forth a "plausible" basis to believe: that specific facts exist, that those facts can be collected, and that those facts will influence the decision on the motion for summary judgment); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric, 840 F.2d 985, 988 (1st Cir. 1988) (a Rule 56(f) affidavit must show some "realistic prospect" that the facts can be obtained.). The affidavit must demonstrate that the essential facts sought through discovery exist and will produce a triable issue of fact. Byrd v. U.S. EPA, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999), cert. denied, 529 U.S. 1018 (2000); Donofrio v. Camp, 470 F.2d 428, 431 (D.C. Cir. 1972). To be material, the facts to be discovered must allow a reasonable jury to return a verdict in favor of the party seeking to forestall entry of summary judgment. Anderson, 477 U.S. at 248.

Plaintiff's proffered Rule 56(f) affidavit fails to address these things. He also failed to show that the facts were not otherwise available to him in the record developed before the EEO Fact Finding proceeding. Carpenter v. Federal National Mortgage Ass'n, 174 F.3d 231,

237 (D.C. Cir. 1999), <u>cert</u>. <u>denied</u>, 528 U.S. 876 (1999).

Furthermore, a Rule 56(f) affidavit must substantiate that the discovery will actually produce the evidence that he requires. <u>Messina v. Krakower</u>, 439 F.3d 755, 762 (D.C. Cir. 2006); <u>Byrd</u>, 174 F.3d at 248 n.8 (conclusory allegation that a witness might hold undisclosed information is insufficient).

Plaintiff has addressed this standard with inadequate assertions: For example, he asserts that he wants to depose Ms. Bechtol regarding plaintiff's discrimination, retaliation and hostile work environment claim as Ms. Bechtol was the one who upheld Mr. Maurice Evans' proposal to suspend plaintiff for seven days arising out of another worker's participation in snow removal and the allegations concerning plaintiff's abuse of his Smithsonian issued cell phone. He states that "Ms. Bechtol. . . .can testify regarding the issue of pretext with respect to plaintiff's discrimination and retaliation claims. Ms. Bechtol was the deciding official in each of the two proposals to suspend plaintiff. Ms. Bechtol can also testify as to the hostile work environment that Mr. Winston was subjected while he was stationed in the EMZ." Hora Aff'd ¶ 5(c). This does not establish that the requested discovery is essential to plaintiff's opposition. <u>Ikossi v. England</u>, 406 F.Supp.2d at 36-37. The Supreme Court seemingly endorsed such a common sense result when it noted that, although the employee had a right to a trial de novo, the Court expected that the prior administrative proceedings would allow the district court to eliminate many issues in pretrial proceedings. <u>Chandler v. Roudebush</u>, 425 U.S. 840, 864 (1976). Second, there is no explanation of how or why Ms. Bechtol would help the Plaintiff in establishing pretext.

There is little argument that Rule 56(f) requires plaintiff to specifically inform the District Court what essential facts he is lacking and whether discovery will uncover facts warranting

denial of summary judgment.  The purpose of the Rule 56(f) affidavit is to require the adverse

party affirmatively to demonstrate why he cannot respond to the summary judgment motion; the

"procedure is designed to prevent fishing expeditions by narrowing the scope of discovery and

affording the trial court the showing necessary to assess the merit of a party's opposition."  Hotel

& Restaurant Employees Union v. U.S. Attorney General, 804 F.2d 1256, 1269 (D.C. Cir. 1986),

vacated on other grounds, 808 F.2d 847 (D.C. Cir. 1987), aff'd, 846 F.2d 1499 (D.C. Cir. 1988).

Plaintiff apparently intends to do nothing but engage in a fishing expedition.

Ultimately, plaintiff's Rule 56(f) affidavit does not show that any new, undisclosed facts

exist that are essential to his opposition to summary judgment but that are not in the existing

record.  Carpenter, 174 F.3d at 237.  Consequently, this Court may deny  plaintiff further

discovery because her Rule 56(f) affidavit demonstrated neither utility nor need.

## IV.    CONCLUSION

For all of the foregoing reasons, this Court should grant the Defendant's Motion to

Dismiss or in the Alternative for Summary Judgment.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR D.C. Bar # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS,
D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-1334

*OF COUNSEL:*
CRAIG M. BLACKWELL
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286

13