## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMMY J. WINSTON,        ) | |
|         ) | |
|     Plaintiff,      ) | |
|         ) | |
|    v.         ) | No. 07-1411 (RWR) |
|         ) | |
| G. WAYNE CLOUGH, Secretary,  ) | |
| Smithsonian Institution,    ) | |
|         ) | |
|     Defendant.    ) | |
|         ) | |

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

This responsive pleading is being filed pursuant to Fed. R. Civ. P. 12(a)(4)(A).

Accordingly, Defendant, G. Wayne Clough, Secretary of the Smithsonian Institution, answers

the First Amended Complaint as follows:

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff failed to exhaust his administrative remedies.

### Third Defense

In response to the numbered paragraphs of the complaint, Defendant states as follows:

1.      Defendant lacks knowledge or information sufficient to admit or deny the

allegations regarding Plaintiff's residency in paragraph 1.  Defendant denies that Plaintiff was

employed by the National Air and Space Museum, as a Facilities Management Specialist, or in

Washington, D.C. at all times relevant to this action.  Defendant admits the remaining allegations

set forth in paragraph 1.

2.      Defendant admits that Cristián Samper was Acting Secretary of the Smithsonian Institution at the time Plaintiff filed the First Amended Complaint but denies that Dr. Samper currently holds that title.  Defendant admits that the Smithsonian's Office of General Counsel is located at 1000 Jefferson Dr., S.W., Washington, D.C., but denies that it is located in Room 32 of that building.

3.      Defendant admits the allegations contained in paragraph 3 of the Plaintiff's amended complaint.

4.      Defendant admits the allegations contained in paragraph 4 of the Plaintiff's amended complaint.

5-13.   Paragraphs 5 through 13, present allegations related to claims that the Court dismissed in its Memorandum Opinion of May 11, 2010; therefore, the defendant has no duty to answer these claims; however, to the extent that an answer is required, defendant denies.

14.     Defendant admits Plaintiff was issued a Notice of Suspension on or about February 28, 2007, but denies any additional allegation contained in paragraph 14.

15.     Defendant admits the allegations set forth in paragraph 15.

16.     Defendant admits Plaintiff filed a complaint of discrimination on May 11, 2007.  Defendant further admits the Smithsonian accepted that complaint for investigation on May 17, 2007.

17.     Defendant admits the allegations set forth in paragraph 17.

18.     Defendant admits that on September 28, 2007, the Smithsonian Institution issued its Final Agency Decision (FAD).

19.     Defendant admits that Plaintiff filed his First Amended Complaint less

than 90 days after the Smithsonian issued its FAD dated September 28, 2007.

20.     Paragraph 20 sets forth a conclusion of law to which no response is required; to the extent that a response is required, the Defendant does not currently deny that the Plaintiff has failed to exhaust his administrative remedies on his existing claims.

21.     Defendant lacks the knowledge or information sufficient to admit or deny allegations pertaining to Plaintiff's career beyond the Smithsonian.  Defendant admits Plaintiff has received "meets" or "exceeds expectations" performance appraisals while working for the Smithsonian.  Defendant denies the remaining allegations set forth in paragraph 21.

22-30.  Paragraphs 22 through 30, present allegations related to claims that the Court dismissed in its opinion of May 11, 2010; however, to the extent that an answer is required, deny.

31.     Defendant admits that in February 2007, Plaintiff's first-line supervisor was Maurice Evans and that Plaintiff's second-line supervisor was Nancy Bechtol, and denies the remaining allegations contained in paragraph 31.

32.     Defendant denies the allegations set forth in paragraph 32, except that he admits that on February 6, 2007, Mr. Evans held a manager's meeting where he discussed the snow removal plan for the next day, February 7, 2007.

33.     Defendant denies the allegations set forth in paragraph 33.

34.     Defendant admits only that Mr. Sidbury was present at the meeting on February 6, 2007, where Mr. Evans indicated that Mr. Waters was not authorized to come in for snow removal.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 34.

35.     Defendant admits that at about 6:45 a.m. on February 7, 2007, James Cutler sent Maurice Evans an e-mail with the subject line "Request for overtime. Anacostia.xls" and noting, *inter alia*,  "Oh! Very good snow removal this morning by BSW Worker Phillip and Sidbury Crew.  All look very good."  Defendant further admits that Maurice Evans responded "Was Oscar there."  Defendant denies any and all remaining allegations in paragraph 35.

36.     Defendant admits that on February 28, 2007, Mr. Evans issued Plaintiff a Proposal to Suspend for seven calendar days.  Defendant further admits that Mr. Evans did not issue Mr. Sidbury a Proposal to Suspend on that date.  Defendant denies the remaining allegations in paragraph 36.

37.     Defendant denies the allegations set forth in paragraph 37, except that he admits that on March 7, 2007, Budget/Procurement Analyst Ron Powers sent certain Smithsonian employees an e-mail message and that one of the eleven bullet points in that message mentions cell phone use and/or abuse.

38.     Defendant denies the allegations set forth in paragraph 38, except Defendant admits that Plaintiff's abuse of his Smithsonian-issued phone was one reason he was issued the Proposal to Suspend.

39.     Defendant denies the allegations set forth in paragraph 39.

40.     Defendant admits the allegation set forth in paragraph 40.

41.     Defendant denies the allegations set forth in paragraph 41.

42.     Defendant admits the allegation set forth in paragraph 42.

43.     Defendant admits the allegation set forth in paragraph 43.

44.     Defendant admits the allegation set forth in paragraph 44.

45.     Defendant incorporates by reference his responses to paragraphs 1 through 44 above as if fully incorporated herein.

46.      Defendant denies the allegations set forth in paragraph 46.

47.     Defendant denies the allegations set forth in paragraph 47.

48.     Defendant incorporates by reference his responses to paragraphs 1 through 47 above as if fully incorporated herein.

49.     Paragraph 49 sets forth conclusions of law to which no response is required. To the extent paragraph 49 requires a response, Defendant admits that Plaintiff was issued a Proposal to Suspend in February 2007 and denies the other allegations set forth in paragraph 49.

50.     Defendant denies the allegations set forth in paragraph 50.

51.     Defendant incorporates by reference his responses to paragraphs 1 through 50 above as if fully incorporated herein.

52.     Defendant denies the allegations set forth in paragraph 52.

53.     Defendant denies the allegations set forth in paragraph 53.

The remaining paragraphs of the Amended Complaint set forth Plaintiff's request for relief and demand for a jury trial, statements that require no response.  To the extent a response may be deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested or to any relief.  Defendant avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that relief may be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).  All allegations not expressly admitted are denied.

Respectfully submitted,

RONALD C. MACHEN, JR., D.C. BAR # 447889

-5-

United States Attorney


RUDOLPH  CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

                           /s/
By:    _____
       HEATHER GRAHAM-OLIVER
       Assistant United States Attorney
       Civil Division
       555 Fourth St., N.W.
       Washington, D.C.  20530
       (202) 305-1334